# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID RATKOVICH and JENNIFER RATKOVICH, <br>     Plaintiffs, <br><br> v. <br><br> VIJAY CHANDIRAMANI; RASHED KHAN; IRSHAD KHAN; and RK PROPERTY MGMT., INC., <br>     Defendants. | Case No. 14 C 6484 <br><br> Judge Joan B. Gottschall |

## MEMORANDUM OPINION AND ORDER

The court's initial review of the complaint in this fraud case about a real property transaction raised questions about the existence of subject matter jurisdiction. *See Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800 (7th Cir. 2013) (holding that the court has an independent obligation to ensure that subject matter jurisdiction is proper). Thus, the court issued an order requiring the plaintiffs to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. The defendants then filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) that echoed the concerns outlined in the show cause order. For the following reasons, the defendants' motion to dismiss is granted as the parties are not diverse and the plaintiffs have failed to establish that federal question jurisdiction is proper.

## I. BACKGROUND

In this case, plaintiffs David Ratkovich and Jennifer Ratkovich sued Vijay Chandiramani, Rashed Khan, Irshad Khan, and RK Property Mgmt., Inc., asserting state law claims arising out of a real estate transaction. The plaintiffs also contended that the defendants engaged in fraudulent conduct during the litigation of a previous federal foreclosure case involving the property that is the subject of this action. *See HSBC Bank USA, Inc. v. Chandiramani*, No. 12 C

7801 (N.D. Ill.) (Pallmeyer, J.). In their complaint, the plaintiffs allege that defendant Chandiramani is a California citizen. They further allege that they are Illinois citizens and that defendants Rashed Khan, Irshad Khan, and RK Property are also Illinois citizens. The plaintiffs contend that this court has subject-matter jurisdiction "over the claims in this Complaint in diversity as to [Chandiramani] under 28 U.S.C. [§] 1332, and for federal questions as to Khan under 28 U.S.C. [§] 1331." (Dkt. 1, Compl., ¶ 13.) The plaintiffs' allegation about jurisdiction neither mentions RK Property nor addresses both Khans.

On September 18, 2014, the court issued an order requiring the plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction. In that order, the court noted that both plaintiffs and three of the four defendants are Illinois citizens, so complete diversity is lacking. *See Fid. & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) ("For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant."). The court also observed that the plaintiffs' request for a declaratory judgment did not create a federal question that would allow it to exercise jurisdiction under § 1331, which provides that the district courts shall have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Rueth v. EPA*, 13 F.3d 227, 231 (7th Cir. 1993) ("The Declaratory Judgment Act . . . is not an independent grant of jurisdiction, rather jurisdiction must be predicated on some other statute."). On September 24, 2014, the defendants filed a motion to dismiss that reiterated the jurisdictional concerns expressed by the court in its show cause order.

In the jurisdictional filings that are presently before the court, the plaintiffs concede that the parties are not diverse. They nevertheless contend that federal question jurisdiction is proper. First, they allege that the Khans "might have" used false Social Security numbers in connection with the federal foreclosure action. (Dkt. 14, Pls.'s Resp., at 5.) The plaintiffs state that they could amend their complaint to assert a claim based on this possible misuse of Social Security numbers so dismissal based on the lack of a federal claim is unwarranted.

Second, the plaintiffs argue that the defendants' filing of a state court eviction case "flagrantly violated" an order entered in the federal foreclosure case. (Dkt. 13, Pls.'s Memo., at 1.) According to the plaintiffs, their allegation "that the defendants obtained a final order in a prior federal court case by committing fraud on that court raises a federal question." (*Id*. at 2.) The plaintiffs then reason that this case repeats the fraud that the defendants allegedly committed in the prior federal case. (Dkt. 14, Pls.'s Resp., at 2.) Based on this chain of reasoning, they conclude that this case is based on a federal question. Presumably, they also believe that this alleged federal question is sufficient to allow the court to exercise supplemental jurisdiction over their remaining state law claims under 28 U.S.C. § 1367.

## II. LEGAL STANDARD

When considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts the complaint's well pleaded factual allegations as true and draws all reasonable inferences in the plaintiffs' favor. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, No. 14-1934, — F.3d —, 2014 WL 5336497, at *2 (7th Cir. Oct. 21, 2014) (citing *Iddir v. I.N.S.*, 301 F.3d 492, 496 (7th Cir. 2002)). Plaintiffs facing a 12(b)(1) motion to dismiss, however, bear the burden of establishing that jurisdiction is proper. *Id*.

## III. ANALYSIS

### A. The Khans' Possible Misuse of Social Security Numbers as a Basis for Federal Question Jurisdiction

The plaintiffs argue that they could amend their complaint to include a claim that the Khans' possible use of false Social Security numbers in connection with the federal foreclosure action violates federal law. Generally, plaintiffs "may not amend [their] complaint in [their] response" to a motion to dismiss. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreens Co.*, 631 F.3d 436, 448 (7th Cir.2011). However, they may include facts in a response brief "in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint." *Help at Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001).

The court, therefore, would normally consider whether the proposed Social Security number claim in the plaintiffs' response to the motion to dismiss is sufficiently related to the allegations in the plaintiffs' complaint. However, the plaintiffs' suggested Social Security claim suffers from a fatal flaw: misuse of a Social Security number in the manner claimed by the plaintiffs appears to be a felony. *See* 42 U.S.C. § 408(a) (an individual who "discloses, uses, or compels the disclosure of the social security number of any person in violation of the laws of the United States . . . shall be guilty of a felony and upon conviction thereof shall be fined under Title 18 or imprisoned for not more than five years, or both"). The plaintiffs implicitly acknowledge that their Social Security claim is based on criminal law as in support of this claim, they cite to criminal cases. (Dkt. 14, Pls.'s Resp., at 5.)

To pursue their Social Security claim in a civil case, the plaintiffs must point to authority demonstrating that a private right of action exists that allows them to sue individuals who

4

purportedly violated a criminal law regarding the use of Social Security numbers. *See generally Stanard v. Nygren*, 658 F.3d 792, 794 (7th Cir. 2011) (holding that a civil claim based on an alleged violation of a criminal statute was frivolous where the criminal statute did not authorize a private right of action). They have not done so. Thus, the plaintiffs' allegations about the Khans' misuse of Social Security numbers fail to state a colorable claim arising under federal law.

In any event, even if the plaintiffs could pursue their claim based on the alleged misuse of Social Security numbers (which they cannot), an assertion that a wrong "might have" occurred is speculative and thus fails to state a claim for which relief may be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint must provide enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level"). Thus, the plaintiffs' putative claim based on the purported misuse of Social Security numbers is insufficient to support federal question jurisdiction.

**B.      Alleged Fraud on the Court as a Basis for Federal Question Jurisdiction**

The court may exercise federal question jurisdiction under § 1331 over a state law claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The complaint asserts that "[Chandiramani] and Khan's [sic] conspiracy to commit fraud occurred while the federal foreclosure court had exclusive jurisdiction over title to the Home, and in derogation of said jurisdiction, which creates a federal question." (Dkt. 1,

5

Compl., ¶ 89.) As the court found in its show cause order, this allegation fails to state a colorable claim arising under federal law. (Dkt. 5.)

In their responses to the court's show cause order and the defendants' motion to dismiss, the plaintiffs articulate a slightly different argument. Specifically, they assert that the defendants committed fraud in the federal foreclosure case and that this purported fraud in a federal court proceeding creates a federal question that entitles them to bring a second federal lawsuit. This argument is incorrect for two reasons. First, if the plaintiffs believe that the defendants have committed fraud on the court in the federal foreclosure case, the proper course of action is to file a motion in that case asserting fraud. The court's review of the docket in the federal foreclosure case indicates that the plaintiffs did so as the plaintiffs' motion for a rule to show cause in that case was fully briefed as of October 30, 2014, with a scheduled ruling date of November 6, 2014.

Second, the plaintiffs' argument fails on the merits. "[F]raud-on-the-court claims do not independently supply another federal court with federal-question jurisdiction if a federal law has not been violated." *Young-Smith v. Holt*, 575 Fed. Appx. 680, 681 (7th Cir. 2014). With the exception of the Social Security claim, discussed above, the plaintiffs have not identified a federal law that is at issue in this case. Thus, the plaintiffs' contention that the defendants engaged in fraud on the court in the federal foreclosure case fails to state a "substantial federal question" sufficient to support federal question jurisdiction in this case. *See id*.

## IV. CONCLUSION

For the above reasons, the defendants' motion to dismiss [7] is granted. This case is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) as the parties are not diverse

and the plaintiffs have failed to establish that federal question jurisdiction is proper. All pending motions are denied as moot and the status hearing set for November 13, 2014, is stricken.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: November 6, 2014